EXHIBIT A

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF NEW YORK**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Alan A Tarzy Esq.

                         Plaintiff/Petitioner,

          -against-                                     Index No. 650736/2018

Andrew Dwyer, Dwyer & Barrett, LLC formerly known as
The Dwyer Law Firm, LLC

                         Defendant/Respondent.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

### NOTICE OF COMMENCEMENT OF ACTION SUBJECT
### TO MANDATORY ELECTRONIC FILING

PLEASE TAKE NOTICE that the matter captioned above has been commenced as an electronically filed case in the New York State Courts Electronic Filing System ("NYSCEF") as required by CPLR § 2111 and Uniform Rule § 202.5-bb (mandatory electronic filing). This notice is being served as required by that rule.

NYSCEF is designed for the electronic filing of documents with the County Clerk and the court and for the electronic service of those documents, court documents, and court notices upon counsel and unrepresented litigants who have consented to electronic filing.

Electronic filing offers significant benefits for attorneys and litigants, permitting papers to be filed with the County Clerk and the court and served on other parties simply, conveniently, and quickly. NYSCEF case documents are filed with the County Clerk and the court by filing on the NYSCEF Website, which can be done at any time of the day or night on any day of the week. The documents are served automatically on all consenting e-filers as soon as the document is uploaded to the website, which sends out an immediate email notification of the filing.

The NYSCEF System charges no fees for filing, serving, or viewing the electronic case record, nor does it charge any fees to print any filed documents. Normal filing fees must be paid, but this can be done on-line.

**Parties represented by an attorney:** An attorney representing a party who is served with this notice must either: 1) immediately record his or her representation within the e-filed matter on the NYSCEF site; or 2) file the Notice of Opt-Out form with the clerk of the court where this action is pending. Exemptions from mandatory e-filing are limited to attorneys who certify in good faith that they lack the computer hardware and/or scanner and/or internet connection or that they lack (along with all employees subject to their direction) the operational knowledge to comply with e-filing requirements. [Section 202.5-bb(e)]

**Parties not represented by an attorney: Unrepresented litigants are exempt from efiling. They can serve and file documents in paper form and must be served with documents in paper form.** However, an unrepresented litigant may participate in efiling.

For information on how to participate in e-filing, unrepresented litigants should contact the appropriate clerk in the court where the action was filed or visit www.nycourts.gov/efileunrepresented. Unrepresented litigants also are encouraged to visit www.nycourthelp.gov or contact the Help Center in the court where the action was filed. An unrepresented litigant who consents to e-filing may cease participation at any time. However, the other parties may continue to e-file their court documents in the case.

For additional information about electronic filing and to create a NYSCEF account, visit the NYSCEF website at www.nycourts.gov/efile or contact the NYSCEF Resource Center (phone: 646-386-3033; e-mail: efile@nycourts.gov).

Dated: 02/14/2018

_____
Signature

DECLAN P REDFERN
_____
Name

KAYSER T REDFERN LLP.
_____
Firm Name

515 MADISON AVE, 30th Floor
_____
Address

NEW YORK, NY  10022
_____
City, State, and Zip

212-935-5057
_____
Phone

dredfern@515law.com
_____
E-Mail

To:   Andrew Dwyer
      17 Academy Street, Ste 201
      Newark, NJ  07102

Dwyer & Barrett, LLC
Formerly known as
The Dwyer Law Firm, LLC
17 Academy Street, Ste 201
Newark, NJ  07102

9/3/15

Index #                 Page 2 of 2                 EFM-1

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
--------------------------------------X    Index No.: 650736/2018

ALAN A. TARZY, ESQ.,                       Date Purchased: 2/14/18

                                           **SUMMONS**

                          Plaintiff,

                                           New York County is
            -against-                      designated by Plaintiff
                                           as the Place of Trial
ANDREW DWYER, Individually,
DWYER & BARRETT, LLC formerly known
as THE DWYER LAW FIRM, LLC
                                           Venue is based on:
                          Defendant.
                                           Plaintiff's Place of Business
                                           360 Lexington Avenue, #1501
                                           New York,  NY 10017
--------------------------------------X

**TO THE ABOVE-NAMED DEFENDANT:**

         **YOU ARE HEREBY SUMMONED** to answer the complaint in
this action and to serve a copy of your answer, or, if the
complaint is not served with this summons, serve a notice of
appearance on the Plaintiff's Attorney within twenty (20) days
after the service of this summons, exclusive of the day of
service (or within thirty (30) days after the service is
complete if this summons is not personally delivered to you
within the State of New York); and in case of your failure to
appear or answer, judgment will be taken against you by default
for the relief demanded in the notice set forth below and in the
complaint.

Dated:   New York, New York
         February 14, 2018

                              KAYSER & REDFERN, LLP

                              By:_____
                                  Declan P. Redfern, Esq.
                              Attorneys for Plaintiff
                              515 Madison Avenue, 31st Fl.
                              New York, NY 10017
                              Tel: 212-935-5057

<u>Defendants' Address</u>:
See Next Page

<u>Defendants' Address</u>:
    ANDREW DWYER
    17 Academy Street, Suite 201
    Newark, NJ 07102


    DWYER & BARRETT, LLC
    formerly known as
    THE DWYER LAW FIRM, LLC
    17 Academy Street, Suite 201
    Newark, NJ 07102
    973-242-3636 (Ext. 10)

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
----------------------------------------X
ALAN A. TARZY, ESQ.,

Index No. 650736/2018

Plaintiff,

-against-                          **VERIFIED COMPLAINT**

ANDREW DWYER, Individually,
DWYER & BARRETT, LLC formerly known
as THE DWYER LAW FIRM, LLC,

Defendant.

----------------------------------------X

Plaintiff, ALAN A. TARZY, ESQ. (hereinafter referred to as "Plaintiff"), by his attorneys, KAYSER & REDFERN, LLP, as and for his Verified Complaint alleges as follows:

PARTIES

1.   Plaintiff is an adult resident citizen of the State and City of New York and at all material times mentioned herein, was an attorney licensed to practice law in the State and Federal Courts of New York and maintained an office for the practice of law located at 360 Lexington Avenue, Suite 1501, New York, New York.

2.   Defendant, ANDREW DWYER, (hereinafter referred to as "Defendant"), is upon information and belief, an attorney licensed to practice law in the State of New Jersey and maintains a law office located at 17 Academy Street, Suite 1201, Newark, New Jersey 07102.

3.   Upon information and belief, Defendant was also

admitted to practice law in the State of New York by the First Judicial Department on October 21, 1991 under the name of Andrew William Dwyer.

4.    Upon information and belief, at all material times mentioned herein, Defendant, DWYER & BARRETT LLC formerly known as THE DWYER LAW FIRM, LLC (hereinafter referred to as "DWYER LLC") was a limited liability company authorized and existing in the State of New Jersey.

## VENUE/JURISDICTION

5.    Jurisdiction and venue is properly laid in New York County predicated on Civil Practice Law & Rules Sections 301, 302(a) and 503, insofar as the acts and omissions including the contract at issue in this action were entered into in New York County and the Plaintiff maintains his business in New York County, New York.

## BACKGROUND

6.    At all material times mentioned herein, the Plaintiff has maintained a general civil litigation practice in the City and State of New York.  On or about February 1, 2013, the Plaintiff was retained by Robert Milloul (hereinafter referred to as "Milloul"), an adult citizen of the State of New Jersey in connection with a claim against Knight Capital Group, Inc. and Brendan McCarthy for employment discrimination and related claims.

7.    On or about February 1, 2013, the Plaintiff and Milloul entered into a written retainer agreement (hereinafter

2

referred to as the "Retainer") pursuant to which Milloul agreed, in consideration of the services to be rendered by Plaintiff, to pay Plaintiff legal fees based on thirty-three and one third (33 1/3%) percent contingent fee of any sums recovered by suit, settlement or otherwise against the Defendants.

8.    After consultation between Plaintiff and Milloul, Plaintiff agreed to retain counsel in New Jersey to prosecute Milloul's action in the Superior Court of New Jersey - Law Division: Hudson County.

9.    On or about June 1, 2013, Plaintiff contacted Defendant of Dwyer LLC about representing Milloul in his employment discrimination case. Plaintiff and Defendant agreed to meet at Plaintiff's office to discuss the proposed retention and a meeting was held on June 13, 2013.

10.    In compliance with The New York Rules of Professional Responsibility, Rule DR 107(A)(a)(1) Milloul was invited to attend the meeting between Plaintiff and Defendant so that Milloul could knowingly consent to the retention of Defendant and to give knowing consent that the attorneys would be sharing fees in connection with their joint representation of Milloul. At the meeting on June 13, 2013, Plaintiff advised Milloul that any legal fees, recovered by way of trial or settlement, would still be calculated on the basis of a one-third contingency fee and that the fee sharing arrangement

3

between Plaintiff and Defendant would have no impact on the agreed upon legal fees to be paid by Milloul and set forth in the Retainer.

11.   The Plaintiff and Defendant agreed to divide the legal fees earned pursuant to the Retainer on the basis that Defendant and Dwyer LLC would receive sixty (60%) percent of the legal fees and Plaintiff would receive forty (40%) percent of the legal fees. Defendant for himself and as principal and agent of Dwyer LLC agreed with Plaintiff at the June 13, 2013 meeting with Milloul to split any legal fees paid 60/40 in consideration of their joint representation of Milloul.  On June 19, 2013, Defendant confirmed the parties prior oral agreement on representation of Milloul and the split on attorney's fees by e-mail which stated in part:

> "Also, following up on our phone discussion
> from Tuesday, it is my understanding that you
> and Robert entered into a standard contingency
> agreement. You and I have agreed to split any
> fees from that agreement on a percentage basis,
> with me getting 60% and you getting 40%. If
> my understanding is not correct, please let me
> know ASAP."

12.   On or about June 19, 2013, Defendant and Dwyer LLC (hereinafter collectively referred to as "Defendants") prepared a draft complaint and jury demand for filing in the Superior Court of New Jersey identifying the law offices of Alan A. Tarzy and The Dwyer Law Firm as "Attorneys for the Plaintiff". Thereafter, the Plaintiff and Defendant worked with Milloul to prepare the Complaint and an

4

action was subsequently filed. In agreeing to the joint representation, the Plaintiff, like any other attorney appearing of record for a party, subjected himself to the risk of liability for subsequent claims arising in negligence and/or breach of contract and the parties joint representation agreement contemplated that risk and otherwise the parties' agreement provided adequate incentive and consideration for the joint representation.

13.   On or about July 5, 2013, Milloul's action against Knight Capital Group, Inc. and Brendan McCarthy was filed in the Superior Court of New Jersey.

14.   Thereafter, the Milloul matter was litigated all through pre-trial discovery. Plaintiff was in constant communication with both Defendant and Milloul offering advice, assistance, and guidance as to the conduct of the litigation including tendering his pre-action file and notes relating to the Milloul matter.

15.   On or about January 19, 2017, Milloul reached a settlement agreement with Knight Capital Group, Inc. and Brendan McCarthy pursuant to which the defendants in that action agreed to pay Milloul the sum of $2,950,000 in full and final settlement of his action (hereinafter the "Settlement Proceeds").

16.   Upon information and belief, on or about January or February, 2017, the Defendants received the Settlement Proceeds on

5

behalf of Milloul and, upon information belief, after deducting disbursements in the amount of $56,449.24 and legal fees in the amount of $964,516.92, the Defendants remitted the balance of the Settlement Proceeds to Milloul.

17.   Notwithstanding the agreement between the Plaintiff and Defendants, Defendant for himself and as principal of Dwyer LLC failed and refused to remit to Plaintiff, Plaintiff's forty (40%) percent share of the legal fees retained by Defendant from the Settlement Proceeds.

18.   Notwithstanding Plaintiff's oral and written demands to Defendants to pay Plaintiff's share of the legal fees, the Defendants have failed and/or refused to tender Plaintiff's forty (40%) percent share of the legal fees.   The Defendants' failure to honor their fee-sharing agreement with the Plaintiff is without justification or excuse and Plaintiff has been damaged as a result thereof.

19.   The Defendants excuse for non-payment of Plaintiff's share of the legal fees from the Milloul matter rests upon Defendants' assertion of New Jersey Court Rules, R.1:39-6 which provides in part, that only a certified attorney may divide a fee for legal services with outside the attorney's firm without regard to services performed or responsibility assumed by the outside attorney.   The Defendants never disclosed this material fact in contemplation of the joint

6

representation of the Milloul matter or at any time thereafter, or that it may, or could have an impact on their fee arrangement.  The Defendants also failed to disclose that Defendant was not a certified trial lawyer, until after the settlement proceeds were received by Defendants.  The Defendants' failure to disclose the New Jersey rules and the fact that Defendant was not a certified trial lawyer at the time the agreement was entered into, was a purposeful, manipulative attempt to deceive the Plaintiff, the Defendants knowing that the Plaintiff was relying on their authority to enter into the fee sharing agreement on the terms agreed. As a party in privity with the Plaintiff, and the party with superior knowledge, the Defendants had an affirmative duty and obligation to Plaintiff to disclose any possible impediment to their agreement and before their agreement was memorialized and their joint representation of Milloul undertaken.

20.   In failing to pay the Plaintiff's share of the legal fees, the Defendants revealed their intention to defraud the Plaintiff, and Plaintiff's detrimental reliance on Defendants' misrepresentations has resulted in the Plaintiff's loss and damage.

21.   At no time before the Plaintiff agreed to the joint representation of Milloul with the Defendants or indeed, before the settlement was agreed by Defendants on behalf of Milloul, did the Defendants' claim that the Plaintiff's and Defendants' agreement was

7

voidable or otherwise unenforceable or reveal their intention not to honor their agreement with Plaintiff.  At no time before the Plaintiff agreed to the joint representation of Milloul with the Defendants or indeed before the settlement of the Milloul matter did the Defendants seek to modify, amend or adjust the agreement between the Plaintiff and Defendants to ensure that the agreement reached could be honored.  Defendant claims that the disputed legal fees are being held in escrow in The Dwyer LLC Trust Account.

### AS AND FOR A FIRST CAUSE OF ACTION
### FOR BREACH OF CONTRACT

22.  Plaintiff repeats and reiterates each and every allegation set forth in paragraphs 1 through 21 above as if more particularly set forth herein in full.

23.  The Plaintiff and Defendants entered into a contract which provided that the Plaintiff and Defendants would jointly litigate the Milloul matter upon the Defendants' agreement to share the legal fees, if any, recovered in the Milloul matter on the basis of a sixty (60) forty (40) split, with Defendants retaining a sixty (60%) percent interest.  Plaintiff agreed to the joint representation and the Defendants after receiving the Settlement Proceeds breached their agreement by failing to pay the Plaintiff his forty (40%) percent interest in the legal fees.

8

24.    By reason of the foregoing, the Plaintiff has suffered damages in the amount of $385,806.76 together with pre-judgment interest at the statutory rate from the date of breach.

## AS AND FOR A SECOND CAUSE OF ACTION
## FOR FRAUDULENT INDUCEMENT

25.    Plaintiff repeats and reiterates each and every allegation set forth in paragraphs 1 through 24 above as if more particularly set forth herein in full.

26.    The Defendants knowingly represented to the Plaintiff that if Plaintiff agreed to the joint representation of Milloul the Defendants would agree to pay the Plaintiff forty (40%) percent of the one-third contingency fee agreement previously agreed to between the Plaintiff and Milloul, the Defendant knowing that Defendant's representation was false when made.  The Defendants' misrepresentations were intended to deceive the Plaintiff and to induce the Plaintiff to act upon the misrepresentation to his detriment. Plaintiff relied upon Defendant's representations as a material inducement for Plaintiff to enter into the aforesaid joint representation and fee sharing agreement.  As a result of the Defendants' deception of the Plaintiff, the Plaintiff suffered damages in the amount of $385,806.76.

9

27.   By reason thereof, the Plaintiff has suffered damages in the amount of $385,806.76.

## AS AND FOR A THIRD CAUSE OF ACTION
## FOR NEGLIGENT MISREPRESENTATION

28.   Plaintiff repeats and reiterates each and every allegation set forth in paragraphs 1 through 27 above as if more particularly set forth herein in full.

29.   The Plaintiff and Defendants had a special, privity-like relationship that imposed a duty on the Defendants to impart correct and reliable information to Plaintiff.  The Defendants misrepresented to the Plaintiff that they were authorized to enter into a joint representation agreement with Plaintiff on the terms and conditions agreed to, and prior to entering into the agreement, the Defendants had an affirmative duty to disclose any restrictions, limitations or impediments to that agreement. As a result thereof, Plaintiff was caused to rely to his detriment on the misrepresentation of Defendants, as a material inducement for Plaintiff to enter into the aforesaid joint representation and fee sharing agreement, causing Plaintiff loss and damage.

30.   By reason of the foregoing, the Plaintiff has suffered damages in the amount of $385,806.76.

10

### AS AND FOR A FOURTH CAUSE OF ACTION
### FOR PROMISSORY ESTOPPEL

31.   Plaintiff repeats and reiterates each and every allegation set forth in paragraphs 1 through 30 above as if more particularly set forth herein in full.

32.   Plaintiff in agreeing to the joint representation of Milloul, relied to his detriment on the clear and unambiguous promise of the Defendants to pay the Plaintiff forty (40%) percent of the one-third contingency fees agreed to by Plaintiff, Defendants and Milloul.   The Plaintiff's reliance on the promise of Defendant, an attorney and officer of the Court in New York and New Jersey was reasonable, and Plaintiff's reliance is corroborated by his agreement to undertake the joint representation based on the oral promise of Defendant as subsequently memorialized in Defendant's e-mail dated June 19, 2013, and as evidenced in the Court file that named the Law Office of Alan A. Tarzy, as attorney for Milloul.

33.   As a consequence of the foregoing, Defendant is equitably estopped from denying the validity of the aforesaid joint representation and fee sharing agreement.

34.   By reason of the foregoing, the Plaintiff has suffered damages in the amount of $385,806.76.

### AS AND FOR A FIFTH CAUSE OF ACTION
### FOR BREACH OF IMPLIED IN FACT CONTRACT

35.   Plaintiff repeats and reiterates each and every

11

allegation set forth in paragraphs 1 through 34 above as if more particularly set forth in full herein.

36.   There is no distinction between agreements made by words and those made by conduct and to the extent that the facts and circumstances support the presumed intention of the parties as indicated by the intent for Defendants to pay to Plaintiff forty (40%) percent of the legal fees recovered by Defendants on behalf of Milloul and Defendants' failure to do so, Plaintiff has suffered loss and damage.

37.   By reason of the foregoing, the Plaintiff has suffered damages in the amount of $385,806.76.

### AS AND FOR A SIXTH CAUSE OF ACTION
### FOR BREACH OF FIDUCIARY DUTY

38.   Plaintiff repeats and reiterates each and every allegation set forth in paragraphs 1 through 37 above as if more particularly set forth in full herein.

39.   By reason of the agreement between Plaintiff and Defendants, Defendants became a fiduciary to the Plaintiff both before and after the settlement proceeds were received by the Defendants in the Milloul matter.  By reason of the fiduciary relationship at that time, Defendants had an affirmative duty to Plaintiffs to disclose any facts or information which would have caused the Plaintiff to rescind the agreement for joint

12

representation of Milloul and to enter into an agreement with certified trial counsel.

40.  By reason of the foregoing, the Plaintiff has suffered damages in the amount of $385,806.76.

## AS AND FOR A SEVENTH CAUSE OF ACTION
## FOR UNJUST ENRICHMENT

41.  Plaintiff repeats and reiterates each and every allegation set forth in paragraphs 1 through 40 above as if more particularly set forth in full herein.

42.  By reason of the foregoing acts and omissions of the Defendants, the Defendants have been enriched by their failure to pay to Plaintiff the agreed upon legal fees which is entirely at the expense of the Plaintiff, and it is against equity and good conscience to permit the Defendants to retain what the Plaintiff seeks to recover.

43.  By reason of the foregoing Defendant has been unjustly enriched and the Plaintiff has suffered damages in the amount of $385,806.76.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
## FOR TORTUOUS INTERFERENCE WITH CONTRACT

44.  Plaintiff repeats and reiterates each and every allegation set forth in paragraphs 1 through 43 above as if more particularly set forth in full herein.

13

45.   The Defendants were aware that the Plaintiff had a binding executed Retainer with Milloul and that Defendants by conveying untrue, false and/or misleading statements to the Plaintiff and Milloul or by omitting to disclose material facts, the Defendants caused the Plaintiff to relinquish and/or compromise his retainer with Milloul in favor of the Defendants, and Defendants then exploited the benefit of the Plaintiff's retainer to the exclusion of the Plaintiff.

46.   By reason of the foregoing, the Plaintiff is entitled to an award of damages in the amount of $385,806.76.

## AS AND FOR A NINTH CAUSE OF ACTION
## FOR CONSTRUCTIVE TRUST AND EQUITABLE TRACING

47.   Plaintiff repeats and reiterates each and every allegation set forth in paragraphs 1 through 46 above as if more particularly set forth in full herein.

48.   By reason of the Defendants' deceptive and manipulative conduct and unjust enrichment, the Plaintiff is entitled to the imposition of a constructive trust on the proceeds of the settlement remaining in the Dwyer LLC Trust Account.

49.   By reason of the foregoing, the Plaintiff is entitled to a constructive trust on the funds held in the amount of $385,806.76.

## AS AND FOR A TENTH CAUSE OF ACTION
## FOR FRAUDULENT OMISSION

50.   Plaintiff repeats and reiterates each and every allegation set forth in paragraphs 1 through 49 above as if more particularly set forth in full herein.

51.   As an attorney authorized to practice law in the State of New Jersey, Defendant knew or should have known of New Jersey Court Rules R.1:39-6 relating to the effect of attorney's certification permitting only a certified attorney to enter into certain attorney fee sharing agreements without regard to the services to be performed or responsibility of the originating attorney, but chose not to disclose this material fact to Plaintiff.   By reason of Defendant's failure to disclose, Plaintiff was misled and Defendant was aware, that Defendant's silence would mislead Plaintiff because the agreement for joint representation provided for a specific fee split which Plaintiff was justifiably entitled to rely on as being within Defendant's authority to agree to.   As a result of Defendant's failure to disclose, Plaintiff has been damaged, because Plaintiff could have entered into a fee sharing agreement with a Certified Trial Lawyer in New Jersey and received his full share of the agreed upon legal fees.

52.   By reason of the foregoing the Plaintiff has been damaged in the amount of $385,806.76.

15

WHEREFORE, Plaintiff respectfully demands judgment against the Defendants as follows:

1.    On the First Cause of Action damages in the amount of $385,806.76, together with pre-judgment interest at the statutory rate from the date of breach of the parties' fee sharing agreement; and

2.    On the Second Cause of Action damages in the amount of $385,806.76; and

3.    On the Third Cause of Action damages in the amount of $385,806.76; and

4.    On the Fourth Cause of Action damages in the amount of $385,806.76; and

5.    On the Fifth Cause of Action damages in the amount of $385,806.76; and

6.    On the Sixth Cause of Action damages in the amount of $385,806.76; and

7.    On the Seventh Cause of Action damages in the amount of $385,806.76; and

8.    On the Eighth Cause of Action damages in the amount of $385,806.76; and

9.    On the Ninth Cause of Action damages in the amount of $385,806.76; and

10.   On the Tenth Cause of Action damages in the amount of $385,806.76;

16

11.   Together with an award of punitive or exemplary damages and such other and further relief including the costs of this action as the Court deems just and proper.

Dated: New York, New York
       February 14, 2018

                                    Yours etc.,

                                    KAYSER & REDFERN LLP

                                    By: _____
                                         DECLAN P. REDFERN
                                    Attorneys for Plaintiff
                                    515 Madison Avenue, 31th Floor
                                    New York, NY 10022
                                    Tel: 212-935-5057


TO:   ANDREW DWYER
      17 Academy Street, Suite 201
      Newark, NJ 07102


      DWYER & BARRETT, LLC
      Formerly known as
      THE DWYER LAW FIRM, LLC
      17 Academy Street, Suite 201
      Newark, NJ 07102
      973-242-3636 (Ext. 10)


17

STATE OF NEW YORK )

                    :ss.:

COUNTY OF NEW YORK)


        ALAN A. TARZY, being duly sworn, deposes and says:

        I am the plaintiff in the within action.  I have read the

annexed COMPLAINT and know the contents thereof; that the contents

are true to my own knowledge except as to those matters stated to

be alleged upon information and belief and as to those matters I

believe them to be true.



                                        _____
                                            ALAN A. TARZY

Sworn to before me this
/4th day of February, 2018

_____
Notary Public

ILEANA A SALAZAR
NOTARY PUBLIC-STATE OF NEW YORK
No. 01SA6344948
Qualified in Kings County
My Commission Expires 07-11-2020

1