UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
ALAN A. TARZY, ESQ.,

                      Plaintiff,

-against-

ANDREW DWYER, DWYER & BARRETT, L.L.C. formerly known as THE DWYER LAW FIRM, L.L.C.,

                      Defendants.

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/10/2021
```

18 Civ. 1456 (AT)

**ORDER**

ANALISA TORRES, District Judge:

    Plaintiff, Alan A. Tarzy, brings this action against Defendants, Andrew Dwyer and Dwyer & Barrett, L.L.C., formerly known as the Dwyer Law Firm, L.L.C., asserting three causes of action arising out of a purported fee-sharing agreement between the parties: (1) promissory estoppel; (2) unjust enrichment and *quantum meruit*; and (3) tortious interference with contract. Second Amended Complaint ("SAC") ¶¶ 2, 4, 48–60, ECF No. 44. On June 18, 2020, the Court dismissed Plaintiff's tortious interference claim. ECF No. 53. Before the Court are the parties' cross-motions for summary judgment pursuant to Federal Rule of Civil Procedure 56. ECF Nos. 97, 110. For the reasons stated below, Defendants' motion is GRANTED and Plaintiff's motion is DENIED.

**BACKGROUND[1]**

    In early 2013, an individual seeking legal advice ("Client") consulted Plaintiff, an attorney, regarding Client's severance package from his former employer. Pl. 56.1 ¶¶ 1–2, ECF No. 114. The parties dispute the nature and timing of a contingency fee agreement between Plaintiff and Client. *Id.* ¶¶ 6–10. Plaintiff informed Client that he had a valid employment discrimination claim. *Id.* ¶ 13. Plaintiff was inexperienced in litigating employment issues and

---

[1] Citations to a paragraph in either Rule 56.1 statement also include the other party's response.

determined that involving an attorney versed in employment law would be in the best interests of Client. Def. 56.1 ¶¶ 4–7, 44, 47, ECF No. 101. Plaintiff also believed that New Jersey was the preferred forum for any potential lawsuit, *id.* ¶ 55, and he was inexperienced litigating in that forum, *id.* ¶¶ 8, 44. Plaintiff was not admitted to practice in New Jersey, *id.* ¶¶ 1–3, and cannot recall if he ever considered bringing an action on Client's behalf, with the assistance of local counsel, *id.* ¶ 56.

Plaintiff was referred to Dwyer, Pl. 56.1 ¶ 18, and Dwyer was the only potential co-counsel Plaintiff met with in person, Def. 56.1 ¶¶ 49–54. Dwyer agreed to take Client's case, and to serve as lead counsel. Pl. 56.1 ¶ 22. The parties dispute the nature of a fee-sharing agreement between Plaintiff and Dwyer, *id.* ¶¶ 20, 24; Def. 56.1 ¶¶ 80–81, 86–90, but agree that a suit was eventually filed on Client's behalf (the "Underlying Action"), *id.* ¶¶ 70, 76. Plaintiff contributed some time to the Underlying Action, Pl. 56.1 ¶ 47, but did not track his time, Def. 56.1 ¶ 152. Plaintiff also acknowledges that he only met with Client twice during the course of the Underlying Action, *id.* ¶¶ 142–43, that he never communicated with opposing counsel or the court, *id.* ¶¶ 134–35, that he never attended a court appearance, *id.* ¶ 132, and that he had no involvement in pivotal stages of the litigation, *id.* ¶ 154. Although Plaintiff reviewed documents in connection with the Underlying Action, he acknowledges that this did not amount to a meaningful contribution, *id.* ¶ 141. About five months after the Underlying Action was filed, it settled for $2,950,000. *Id.* ¶ 154.

On February 14, 2018, Plaintiff filed this action in Supreme Court, New York County. SAC ¶ 7. On February 17, 2018, Defendants removed the action to the Southern District of New York pursuant to 28 U.S.C. §§ 1441 and 1446. *Id.* ¶ 8. Defendants moved to transfer venue

pursuant to 28 U.S.C. § 1404(a) to the United States District Court for the District of New Jersey and to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6). *Id.*; ECF No. 9.

On January 8, 2019, the Honorable John F. Keenan denied Defendants' request to transfer venue and granted in part and denied in part Defendants' motion to dismiss. *Tarzy v. Dwyer*, No. 18 Civ. 1456, 2019 WL 132280, at *12 (S.D.N.Y. Jan. 8, 2019). Specifically, Judge Keenan dismissed Plaintiff's claims for breach of contract, fraudulent inducement, breach of an implied-in-fact contract, and tortious interference, and preserved Plaintiff's claims for promissory estoppel.[2] *Id.*

On June 3, 2019, Plaintiff filed the SAC, asserting claims for promissory estoppel, unjust enrichment and *quantum meruit*, and tortious interference with contract, and seeking compensatory and punitive damages. SAC ¶¶ 48–60, at 23–24. On June 18, 2020, the Court dismissed Plaintiff's claims for tortious interference with contract and for punitive damages. *Tarzy v. Dwyer*, No. 18 Civ. 1456, 2020 WL 3318273, at *6 (S.D.N.Y. June 18, 2020).

**DISCUSSION**

I.    Standard of Review

Summary judgment is appropriate when the record shows that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–26 (1986). A genuine dispute exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. The moving party initially bears the burden of informing the Court of the absence of a genuine dispute of material fact by citing particular evidence in the record. Fed. R. Civ. P. 56(c)(1);

---

[2] Defendants did not move to dismiss Plaintiff's unjust enrichment claim. ECF No. 9; ECF No. 1 at 18.

*Celotex*, 477 U.S. at 323–24; *Koch v. Town of Brattleboro*, 287 F.3d 162, 165 (2d Cir. 2002). If the nonmoving party has the ultimate burden of proof on specific issues at trial, the movant may also satisfy its own summary judgment burden by demonstrating that the adverse party cannot produce admissible evidence to support an issue of fact. *Celotex*, 477 U.S. at 322–23; *PepsiCo, Inc. v. Coca-Cola Co.*, 315 F.3d 101, 105 (2d Cir. 2002) (per curiam). If the moving party meets its initial burden, the burden then shifts to the opposing party to establish a genuine dispute of material fact. *Beard v. Banks*, 548 U.S. 521, 529 (2006); *PepsiCo*, 315 F.3d at 105. "Although a party opposing summary judgment need not prove its evidence in a form admissible at trial or under the evidentiary standard which will be required, it must show facts sufficient to enable a reasonable mind to conclude that a material dispute of fact exists." *Healy v. Chelsea Res. Ltd.*, 736 F. Supp. 488, 491–92 (S.D.N.Y. 1990) (citation omitted). In deciding the motion, the Court views the record in the light most favorable to the nonmoving party. *Koch*, 287 F.3d at 165.

II. <u>Analysis</u>[3]

A. Promissory Estoppel

Promissory estoppel requires a plaintiff to prove that there was (1) a clear and unambiguous promise; (2) reasonable and foreseeable reliance by the promisee; and (3) injury to the relying party as a result of the reliance. *Marvin Inc. v. Albstein*, 386 F. Supp. 2d 247, 253–54 (S.D.N.Y. 2005) (citation omitted); *Cyberchron Corp. v. Calldata Sys. Dev., Inc.*, 47 F.3d 39, 44 (2d Cir. 1995). "Each element must be present before a promissory estoppel claim can be

---

[3] There is no material difference between the elements of promissory estoppel, unjust enrichment, and *quantum meruit* claims under New York and New Jersey law. *Tarzy v. Dwyer*, No. 18 Civ. 1456, 2020 WL 3318273, at *3 (S.D.N.Y. June 18, 2020); *Culwick v. Wood*, 384 F. Supp. 3d 328, 340 n.3 (E.D.N.Y. 2019) ("New York and New Jersey law differ only with respect to the applicable statute of limitations for . . . unjust enrichment claims."); *Kaplan v. GreenPoint Glob.*, No. 11 Civ. 04854, 2012 WL 2992572, at *5 (D.N.J. July 20, 2012) ("No conflict exists between New Jersey and New York's standard for *quantum meruit* claims.").

sustained." *In re Gulf Oil/Cities Serv. Tender Offer Litig.*, 725 F. Supp. 712, 734 (S.D.N.Y. 1989) (citing *Esquire Radio & Elec. v. Montgomery Ward*, 804 F.2d 787, 793 (2d Cir. 1986)).

Even assuming that Plaintiff can meet the first two elements, the Court finds that Plaintiff has not shown sufficient facts indicating that he suffered an injury as a result of his reliance. The parties agree that Plaintiff was inexperienced in litigating employment issues, Def. 56.1 ¶¶ 4–7, 44, 47, that Dwyer was the only potential co-counsel he met with, *id.* ¶¶ 49–54, and that Plaintiff cannot recall if he ever considered bringing the case himself, with the assistance of local counsel, *id.* ¶ 56. The parties also agree that New Jersey was the preferred forum, *id.* ¶ 55, and that Plaintiff has never "done any cases in New Jersey," *id.* ¶¶ 8, 44. Plaintiff's claimed injury of loss of attorneys' fees is speculative—he would have had to find other New Jersey lawyers and those lawyers would have had to win a judgement and share fees, or he would have had to win a judgment himself. *Compare* Pl. Mem. at 15–16, ECF No. 113 (Plaintiff "could have commenced and tried the case himself or sought other counsel to work with him prior to the agreement with Defendants.") *with Bloomfield Inv. Res. Corp., v. Elliott Daniloff*, No. 17 Civ. 4181, 2021 WL 1611951, at *7 (S.D.N.Y. Apr. 26, 2021) (finding no injury where one party alleged "that he would have sought other investors" in the absence of allegations that "he actually did forego any alternative offers." (quotation marks omitted)). Plaintiff has not demonstrated that he would have been able to collect any money from the Underlying Action, and thus has not established injury as a result of detrimental reliance. *Kaye v. Grossman*, 202 F.3d 611, 615 (2d Cir. 2000).

Accordingly, Defendants' motion for summary judgment on Plaintiff's promissory

5

estoppel claim is GRANTED, and Plaintiff's motion is DENIED.

### B. Unjust Enrichment and *Quantum Meruit*

A plaintiff may recover for unjust enrichment after establishing that (1) the defendant benefitted; (2) at the plaintiff's expense; and that (3) equity and good conscience require restitution. *Beth Isr. Med. Ctr. v. Horizon Blue Cross & Blue Shield of N.J., Inc.*, 448 F.3d 573, 586 (2d Cir. 2006). "The essential inquiry in any action for unjust enrichment is whether it is against equity and good conscience to permit the defendant to retain what is sought to be recovered." *Mandarin Trading Ltd. v. Wildenstein*, 944 N.E.2d 1104, 1110 (N.Y. 2011) (citation and alteration omitted).

Similarly, to recover in *quantum meruit*, a plaintiff must establish "(1) the performance of services in good faith[;] (2) the acceptance of the services by the person to whom they are rendered[;] (3) an expectation of compensation therefor[;] and (4) the reasonable value of the services." *Mid–Hudson Catskill Rural Migrant Ministry, Inc. v. Fine Host Corp.*, 418 F.3d 168, 175 (2d Cir. 2005) (citation omitted). Courts may consider a plea to recover in *quantum meruit* "together [with an unjust enrichment theory] as a single quasi contract claim." *Id.* Because unjust enrichment and *quantum meruit* sound in quasi-contract, recovery is available only in the absence of an enforceable agreement that governs the same subject matter. *Beth Isr.*, 448 F.3d at 586–87; *Mid–Hudson*, 418 F.3d at 175.

Here, Plaintiff has not established a genuine dispute of material fact as to whether he performed legal services which meaningfully contributed to the prosecution of the Underlying Action. The parties agree that Plaintiff did not keep track of his time with respect to the Underlying Action, Def. 56.1 ¶ 152, that his reviewing documents did not contribute anything to the case, *id.* ¶ 141, that he only met with Client twice during the course of the Underlying

Action, *id.* ¶¶ 142–43, that he never communicated with opposing counsel or the court, *id.* ¶¶ 134–35, that he never attended a court appearance, *id.* ¶ 132, and that he had no involvement in pivotal stages of the litigation, *id.* ¶ 154.  Although Plaintiff contributed some time to the Underlying Action, Pl. 56.1 ¶ 47, he has provided no evidence to show that Defendants benefitted from his input, *Kaye*, 202 F.3d at 615 (reversing a jury verdict for unjust enrichment where the plaintiff "proffered insufficient evidence to support a finding that [the defendant] actually benefitted from the" contribution).  Plaintiff also has not submitted any evidence to show the reasonable value of his services.  *Read v. Profeta*, 397 F. Supp. 3d 597, 643–44 (D.N.J. 2019) (granting summary judgment for the defendant on the plaintiff's unjust enrichment and *quantum meruit* claims where the plaintiff "did not keep track of the hours that he claims to have expended and did not . . . ke[ep] track of any of his expenses at all").

Accordingly, Defendants' motion for summary judgment on Plaintiff's unjust enrichment and *quantum meruit* claims is GRANTED.

## CONCLUSION

For the foregoing reasons, Defendants' motion for summary judgment is GRANTED and Plaintiff's motion is DENIED.

The Clerk of Court is directed to terminate the motions at ECF Nos. 97 and 110 and to close the case.

SO ORDERED.

Dated: September 10, 2021
       New York, New York

_____
ANALISA TORRES
United States District Judge